

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| **BRADLEY WILSON** | ) | **Docket No.: 2015-07-0143** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 50922-2015** |
| **DANA HOLDING CORP.** | ) | |
| **Employer.** | ) | **Judge Amber E. Luttrell** |
| | ) | |

## EXPEDITED HEARING ORDER

This matter came before the Court upon the Request for Expedited Hearing captioned "Motion to Terminate Temporary Total Disability Benefits" filed by Dana Holding. This is the second Expedited Hearing on this claim. The present focus of this case concerns Mr. Wilson's entitlement to temporary disability benefits. The central legal issues raised by Dana are 1) whether Mr. Wilson was entitled to temporary disability benefits beyond his attainment of maximum medical improvement under Tennessee Code Annotated section 50-6-234(b), and 2) whether Mr. Wilson's termination foreclosed his entitlement to temporary partial disability. For the reasons set forth below, the Court holds Dana came forward with sufficient evidence supporting its position that Mr. Wilson is unlikely to prevail at a hearing on the merits in establishing his entitlement to temporary disability benefits after June 27, 2016.

### History of Claim[1]

This case involves Mr. Wilson's claim for workers' compensation benefits for bilateral carpal tunnel syndrome. Mr. Wilson provided notice to Dana of his alleged work injury on June 4, 2015. Dana denied the claim contesting notice and medical causation.

Following an in-person Expedited Hearing in December 2015, this Court entered

---

[1] Mr. Wilson previously filed a Request for Expedited Hearing seeking medical and temporary disability benefits. Following an evidentiary hearing, the Court entered an Expedited Hearing Order Granting Medical Benefits and Denying Temporary Disability Benefits on December 16, 2015. For context, the Court briefly summarized the Court's previous findings in this Order. The full history of Mr. Wilson's claim set forth in the original Expedited Hearing Order is incorporated by reference.

1

an Order Granting Medical Benefits and Denying Temporary Disability Benefits on December 16, 2015. The Court concluded Mr. Wilson was entitled to medical benefits, but not temporary benefits at that time. Although the Court heard proof regarding reasons for Mr. Wilson's termination at that hearing, the Court did not resolve the issue since Mr. Wilson did not come forward with sufficient medical proof supporting his claim for temporary disability.

Before the Court now is the renewed question of Mr. Wilson's right to temporary disability benefits after reaching MMI and his right to temporary partial disability benefits in light of his termination. The Court held an evidentiary hearing on Dana's Expedited Hearing Request where Dana argued the law is unclear, specifically Tennessee Code Annotated section 50-6-234 (2015), regarding when an employer may cease temporary disability benefits. Dana asked this Court to find Mr. Wilson was not entitled to temporary disability benefits as of June 27, when Dr. Dolan placed Mr. Wilson on light duty or at the latest August 25, when Dr. Dolan opined Mr. Wilson reached MMI. Mr. Wilson contended that he was entitled to temporary disability benefits, even after his MMI date, because Dana was unable to offer him a return to work.

The Court turns now to the proof regarding these issues.

Pursuant to this Court's December 15 order for medical benefits, Dana provided Mr. Wilson medical treatment with Dr. Michael Dolan, an orthopedic surgeon. Dr. Dolan performed carpal tunnel release surgery on Mr. Wilson's right arm on March 14, 2016, and left arm on April 26, 2016. The parties agreed that Dana initiated temporary total disability benefits to Mr. Wilson during his treatment with Dr. Dolan.[2]

The medical records admitted into evidence revealed Mr. Wilson saw Dr. Dolan on June 6, 2016, for follow-up treatment and complained of ongoing symptoms in his hands. At that time, Dr. Dolan intended to let Mr. Wilson return to work full duty. (Ex. 2.) Mr. Wilson returned on June 27 reporting swelling, significant pain, and difficulty working.[3] As a result of this visit, Dr. Dolan assigned Mr. Wilson a twenty-pound lifting restriction. *Id.* At the hearing, Jason Almond, Dana's Health and Safety Manager, testified that Dana could have accommodated Mr. Wilson's twenty-pound light-duty restriction had he not been terminated for violation of its attendance policy.

Dr. Dolan subsequently released Mr. Wilson to full-duty work on July 27, and opined Mr. Wilson reached MMI on August 25. *Id.* Mr. Almond further testified that, but for Mr. Wilson's termination for cause, Dana would have returned him to a full-duty position upon his final release to full-duty work on July 27.

---

[2] The parties did not indicate the date temporary total disability benefits began.

[3] The Court notes the parties presented no proof concerning Mr. Wilson's employment status in June.

2

Andrea Gooch, Dana's Human Resources Manager, testified by affidavit that Dana terminated Mr. Wilson on May 1, 2015, for job abandonment after he violated the company's three-day "no call-no show" attendance policy. (Ex. 1.) He was scheduled to return to work from FMLA leave on April 29, 2015; however, he did not return to work and did not contact Dana for three consecutive days in violation of its attendance policy. He had also previously received formal counseling for attendance issues on February 7, and August 11, 2014. *Id.*

Mr. Wilson contended he did not return to work because his FMLA leave was extended through May 13, 2015. However, Mr. Wilson conceded that he did not receive the letter notifying him of his extended FMLA leave until sometime after his termination date.

**Findings of Fact and Conclusions of Law**

Our Workers' Compensation Appeals Board has reiterated the long-standing principles that to establish entitlement to temporary total disability benefits, an employee must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Temporary total disability benefits are terminated either by the ability to return to work or attainment of maximum recovery. *Id.* Where the disability is not total, an employee may recover temporary partial disability benefits if the employee "is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005); *see* Tenn. Code Ann. § 50-6-207(2) (2015).

Even though an employee has a work-related injury for which temporary benefits may be payable, an employer may still enforce workplace rules. *Carter v. First Source Furniture Grp.*, 92 S.W.3d 367, 368 (Tenn. 2002). Thus, an employee's termination due to a violation of workplace rules may relieve the employer of its obligation to provide temporary partial disability benefits, provided the termination was related to the workplace violation. *See Marvin Windows of Tenn., Inc. v. Gardner*, No. W2011-01479-WC-R3-WC, 2012 Tenn. LEXIS 403, at *9 (Tenn. Workers' Comp. Panel June 8, 2012). When confronted with such a case, courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." *Id.* at 10. An employer will not be penalized for enforcing a policy if the court determines "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal." *Durham v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00708-WC-R3-WC, 2009 Tenn. LEXIS 3, at *9 (Tenn. Workers' Comp. Panel Jan. 5, 2009).

3

Applying these principles to this case, the Court considers the issue of when Mr. Wilson's entitlement to temporary disability benefits ceased.

Pursuant to the Court's December 15 Order for Medical Benefits, Dana provided Mr. Wilson treatment with Dr. Dolan who, at some point, took Mr. Wilson off work as a result of his work injury. Consequently, the parties agreed Dana initiated temporary total disability payments.[4] Unsure of whether it could terminate temporary disability benefits absent a court order and whether Tennessee Code Annotated section 50-6-234 applied, Dana submitted it continued paying temporary benefits beyond Mr. Wilson's attainment of MMI on August 25.

The earliest date Dana argued Mr. Wilson's entitlement to temporary disability benefits ceased was June 27, when Dr. Dolan opined he could return to work with a twenty-pound lifting restriction. Based upon Dr. Dolan's opinion that Mr. Wilson could perform restricted duty work, the Court holds he did not qualify for temporary total disability. Thus, the inquiry turns to whether Mr. Wilson qualified for temporary partial disability benefits on June 27.

Mr. Almond testified Dana could have accommodated Mr. Wilson by returning him to a light-duty position within his lifting restriction *but for* his prior termination for violation of its attendance policy. Ms. Gooch testified by affidavit that Dana terminated Mr. Wilson for job abandonment on May 1, 2015, for violating its three-day "no call-no show" attendance policy. (Ex. 1.) She testified Mr. Wilson received prior formal counseling sessions on February 7, and August 11, 2014, for attendance issues. Following FMLA leave, Mr. Wilson was released and scheduled to return to work on April 29, 2015. He failed to return to work on that date and failed to contact Dana for three consecutive days in violation of its attendance policies.

Based upon the unrefuted testimony of Mr. Almond and Ms. Gooch, the Court holds Dana came forward with sufficient proof that Mr. Wilson's actions precipitating his dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations. Since Mr. Wilson did not give notice of a work injury until June 2015, the Court further finds that his violation of Dana's attendance policy, and not the work injury, was the true motivation for his termination on May 1. Dana is entitled to enforce its workplace rules. Accordingly, the Court finds sufficient proof to conclude Mr. Wilson did not qualify for temporary partial disability; thus, his entitlement to temporary disability benefits ceased on June 27.

Finally, Dana raised the issue of whether it was obligated to pay an additional sixty days of temporary disability benefits *subsequent to* Mr. Wilson's attainment of

---

[4] The parties did not present any evidence of the time period Dana paid Mr. Wilson temporary total disability benefits.

MMI under Tennessee Code Annotated section 50-6-234(b) (2015), which provides,

> After temporary disability benefits have commenced, when the injured employee reaches maximum medical improvement and the compensability of the injury has not been contested by the employer, then payments shall continue until the injured employee accepts or rejects a job offered by any employer at a wage equal to or greater than the employee's pre-injury wage . . . In no case may temporary payments . . . exceed the lesser of sixty (60) days or the value of the employee's permanent partial disability award calculated solely upon the medical impairment; provided, that these limits may be exceeded if agreed to by all the parties. The amount of the payment shall be credited against any permanent award.

This statute provides for the continuation of temporary disability benefits for sixty days beyond MMI when the compensability of the injury has not been contested by the employer. Here, as Dana argued, compensability of Mr. Wilson's injury is contested by the employer and workers' compensation benefits were only paid pursuant to this Court's December 15 Order. Thus, based on a plain reading of the statute, Tennessee Code Annotated section 50-6-234(b) does not apply.

Based on the foregoing, the Court holds Dana came forward with sufficient evidence supporting its position that Mr. Wilson is unlikely to prevail at a hearing on the merits in establishing entitlement to temporary disability benefits after June 27, 2016.

**IT IS SO ORDERED.**

**ENTERED this the 20th day of October, 2016.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Andrea Gooch
2. Medical records of Dr. Michael Dolan
3. Dr. Bingham's electrodiagnostic report

Technical record:[5]
1. Employer's REH captioned Motion to Terminate Temporary Total Disability Benefits
2. Employee's Motion to Deny Termination of Temporary Total Disability Benefits

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 20th day of October, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Bradley Wilson, Employee | X | | X | 935 Chalk Hill Church Rd. Camden, Tennessee 38320 Bwoldschool65@yahoo.com |
| Terri Bernal, Esq. Employer's Counsel | | | X | tbernal@wimberlylawson.com; jgreen@wimberlylawson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

---

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.